UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | |
| Plaintiff, | § | |
| v. | § | No. 3:15-CV-2721-N (BF) |
| DANIEL BLACKBURN, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is JPMorgan Chase Bank, N.A.'s ("Plaintiff") Motion to Remand [ECF No. 7]. For the reasons stated below, the undersigned respectfully recommends that the District Court GRANT Plaintiff's Motion to Remand [ECF No. 7].

### BACKGROUND

Plaintiff purchased real property located at 2408 Victory Park Lane, #1137, Dallas, Texas 75219 (the "Property") at a non-judicial foreclosure sale. *See* Pl.'s Br. [ECF No. 7-1 at 5]. Daniel Blackburn ("Defendant") is believed to be the former owner and occupant of the Property who failed to make the required monthly payments. *See id.* [ECF No. 7-1 at 5]. Because Defendant remained on the Property after the foreclosure sale, Plaintiff filed its Original Petition for Forcible Detainer in the Justice of the Peace Court, Precinct 1, Place 2 of Dallas County, Texas. *See id.* [ECF No. 7-1 at 5]. A judgment was granted in favor of Plaintiff on July 17, 2015. *See id.* [ECF No. 7-1 at 5]. Defendant appealed the judgment to the County Court at Law No. 4, Dallas County, Texas. *See id.* [ECF No. 7-1 at 5]. Defendant filed his Notice of Removal in this Court on August 20, 2015 based on diversity jurisdiction. *See* Notice of Removal [ECF No. 2]. On September 4, 2015, Plaintiff filed its Motion to Remand arguing that Defendant's Notice of Removal was untimely and that Defendant

failed to meet his burden of establishing the existence of diversity jurisdiction. *See* Mot. to Remand [ECF No. 7 at 1]. Defendant failed to file a response to Plaintiff's Motion to Remand. However, on December 11, 2015, Defendant filed his response to the Court's December 4, 2015 Order to Show Cause asking the Court to remand this case back to state court. *See* Resp. to Show Cause Order [ECF No. 11 at 1-2]; Order to Show Cause [ECF No. 8].

## ANALYSIS

A civil action pending in state court may be removed by a defendant to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, original jurisdiction of federal courts is limited. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts only possess power authorized by the Constitution and statute. *See id.* The party "invoking federal court removal jurisdiction, bear[s] the burden of establishing that this court has jurisdiction over the claims." *Samsung Austin Semiconductor, L.L.C. v. Integrated Airline Servs.*, No. 4:12-CV-688-A, 2013 WL 105380, at *2 (N.D. Tex. Jan. 9, 2013) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. . . . The court, therefore, must strictly construe the removal statute." *Id.* "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Defendant removed this action from state court based on diversity jurisdiction. *See* Notice of Removal [ECF No. 2 at 1]. Title 28, United States Code, Section 1332(a)(1) confers federal jurisdiction on district courts over "all civil actions where the matter in controversy exceeds the sum

or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "Under § 1332, 'citizens of different States' means that each plaintiff must be diverse from each defendant." *Oldham v. Nationwide Ins. Co.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *3 (N.D. Tex. Aug. 5, 2014) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Where "jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation marks and citations omitted). Furthermore, under Title 28, United States Code, Section 1441(b)(2), even if the civil action falls within the diversity jurisdiction of federal courts, the case may not be removed if any of the defendants is a citizen of the state in which the action was pending. *See Oldham*, 2014 WL 3855238, at *3 (citing 28 U.S.C. § 1441(b)(2)).

Here, Plaintiff contends that removal was improper because, among other reasons, Defendant is a resident of the state of Texas, and Defendant failed to set forth allegations regarding Plaintiff's state of incorporation or principal place of business. *See* Pl.'s Br. [ECF No. 7-1 at 8]. As Plaintiff argues, Defendant's Notice of Removal failed to state Plaintiff's state of incorporation or principal place of business. *See* Notice of Removal [ECF No. 2 at 1]. Furthermore, Plaintiff submits a copy of Defendant's Texas driver's license that was attached to Defendant's notice of appeal in state court. *See* Pl.'s Ex. 4 [ECF No. 7-6 at 4]. Given that Defendant failed to meet his burden of proof with respect to removal jurisdiction, and because Defendant has also subsequently asked the Court to remand this case to state court, Plaintiff's Motion to Remand should be granted.[1]

---

1. Because the undersigned finds that this case should be remanded to state court for the reasons discussed, the undersigned pretermits discussion of Plaintiff's remaining arguments for remand.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Plaintiff's Motion to Remand [ECF No. 7] and remand this case to the County Court at Law No. 4 in Dallas County, Texas.

**SO RECOMMENDED**, this 3 day of June, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).